IN THE WESTERN DISTRICT COURT OF MISSOURI

| | | |
|---|---|---|
| MARIE JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 4:23-cv-00928 |
| | ) | |
| WAL-MART STORES EAST 1 LP d/b/a | ) | |
| WAL-MART SUPERSTORE, *et al.* | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT FOR DAMAGES

Count One: Negligence

COMES NOW plaintiff Marie Johnson, and for her Petition against Defendants Wal-Mart Stores East 1, LP, and Walmart, Inc., states and alleges as follows:

1. Plaintiff Marie Johnson is the personal representative of The Estate of James Johnson and is an individual resident of the City of Parker, Colorado and lives at the residence located at 8730 Cloverleaf Circle, Parker, Colorado, 80134.

2. James Johnson ("Decedent") is a deceased individual resident of the City of Kansas City, Jackson County, Missouri and lived at the residence located at 1800 Emanuel Cleaver Blvd. Apt. No. 703, Kansas City, MO, 64130.

3. Plaintiff Marie Johnson brings this action as representative for all Class I beneficiaries of Decedent as identified in RSMo § 537.080, *et seq.*

4. As a surviving child of Decedent, Plaintiff Marie Johnson is a proper party to bring this action for the wrongful death of Decedent per RSMo § 537.080, *et seq.*, (*i.e.*, Class I beneficiaries) for the class of persons identified therein.

5. Other than Plaintiff Marie Johnson, there may be other individuals who

qualify as a Class I beneficiary pursuant to RSMo § 537.080.

6. Defendant Wal-Mart Stores East 1, LP is a Limited Partnership organized and existing under the laws of the State of Missouri that is authorized to do and doing business in the State of Missouri and has committed tortious acts in the State of Missouri; it may be served with process by serving its Registered Agent at C T Corporation System, 120 South Central Avenue, Clayton, MO, 63105.

7. Defendant Wal-Mart, Inc. is a Corporation organized and existing under the laws of the State of Missouri that is authorized to do and doing business in the State of Missouri and has committed tortious acts in the State of Missouri; it may be served with process by serving its Registered Agent at C T Corporation System, 120 South Central Avenue, Clayton, MO, 63105.

8. All defendants are collectively referred to as "Wal-Mart."

9. Venue is proper in Kansas City, Jackson County, Missouri, as the acts and omissions giving rise to plaintiffs' cause of action occurred at the Walmart located at 10300 E Hwy 350, which is located in Jackson County, Missouri.

10. On or about the 10th day of June 2023, in the City of Raytown, Jackson County, Missouri, decedent James Johnson was a business invitee at the Wal-Mart Store No. 1094 located at 10300 E Hwy 350, Jackson County, Raytown, Missouri, 64138.

11. Approximately two days prior to this incident, decedent James Johnson had a surgery to implant a pacemaker in his chest and was released from the hospital.

12. On June 10, 2023, decedent James Johnson entered defendants' premises and requested an electric scooter; as decedent James Johnson waited for an electric

scooter, unbeknownst to decedent James Johnson, a walmart employee, defendant Doe, placed a rug near decedent James Johnson to cover an obstruction and left the rug; decedent James Johnson tripped over the rug and severely injured his torso and right arm.

13. Defendants Wal-Mart owed a duty of care to decedent James Johnson to properly maintain and to make safe the walkways located at the premises.

14. Defendants Wal-Mart owed a duty of care to decedent James Johnson to warn and to make safe any dangerous conditions on their premises.

15. On June 10, 2023, Defendants Wal-Mart breached its duty of care when it negligently and intentionally concealed an obstruction with a rug on the premises, which created a dangerous condition on the premises.

16. On or about June 10, 2023, defendants breached their duty of care by

    a. Failing to warn plaintiff of the dangerous condition of the walkway;
    b. Failing to maintain the entryway in a reasonably safe condition.
    c. Creating a tripping hazard with the placement of the rug;
    d. Creating a dangerous condition by intentionally concealing a obstruction on the walkway;
    e. Creating a dangerous condition by intentionally creating a tripping hazard by leaving the rug;
    f. Failing to maintain the entryway to conform with standard local specifications;
    g. Failing to maintain the entryway to have a stable, firm, and slip resistant surface;

17. Defendants Wal-Mart knew or by the exercise of ordinary care should have known of the dangerous condition of the aforementioned walkway in sufficient time

in which Defendants Wal-Mart could have and should have taken precautions and to have warned decedent James Johnson of the hidden dangerous condition of the same in order decedent James Johnson could have been place upon notice of the dangerous condition and could have avoided using the walkway and could have prevented the aforementioned fall and injuries as hereinafter alleged, but Defendants Wal-Mart negligently, recklessly and carelessly failed to do so.

18. Defendants Wal-Mart knew or by the exercise of ordinary care should have known of the dangerous condition of the aforementioned walkway in sufficient time in which Defendants Wal-Mart could have and should have taken precautions to remedy the hidden dangerous condition of the same in order decedent James Johnson have prevented the aforementioned fall and injuries as hereinafter alleged, but Defendants Wal-Mart negligently, recklessly and carelessly failed to do so.

19. As a direct and proximate cause of the negligence, recklessness and carelessness of Defendants Wal-Mart's failure to warn decedent James Johnson and/or remedy the dangerous condition in the premises, decedent James Johnson was caused to fall to the ground, and as a result, decedent James Johnson suffered injury to his torso and right arm, he was hospitalized to repair the injury to his torso and right arm, suffered the pain of his injury, lost his natural sleep and rest, and will in the future continue to suffer and lose his sleep and rest, and decedent James Johnson has incurred and will in the future incur expense for medical treatment and medicine, and all of decedent James Johnson's injuries are permanent in their nature, all to decedent James Johnson's damage in a sum in excess of $75,000.00 including, but not limited to:

    a.    pain and suffering;
    b.    insult;

Page 4
Case 4:23-cv-00928-BP    Document 92    Filed 04/28/25    Page 4 of 7

  c. mental distress;
  d. embarrassment;
  e. humiliation;
  f. disfigurement;
  g. anxiety; and
  h. inconvenience.

20. By reason of his injuries, decedent James Johnson has been forced to undergo hospitalization, medical treatment and care by physicians and surgeons.

21. As a result of Defendants Wal-Mart's negligent actions, decedent James Johnson has been forced and was required in the future to incur reasonable medical costs and associated expenses.

WHEREFORE, plaintiff Marie Johnson prays for Judgment against Defendants Wal-Mart for such damages as are fair and reasonable, for pre and post judgment interest, for plaintiff Marie Johnson's costs, and for such further relief as the Court considers just and proper.

## COUNT TWO: NEGLIGENCE
## (Wrongful Death RSMo. §537.080)

COMES NOW plaintiff Marie Johnson, and for her Court II against Defendants Wal-Mart Stores East 1, LP and Walmart, Inc., she states and alleges as follows:

22. Plaintiff Marie Johnson adopts and incorporates all of the paragraphs above as if fully set forth herein.

23. Decedent James Johnson died on December 9, 2023, approximately six months after his fall at Walmart.

24. Plaintiff Marie Johnson is decedent James Johnson's daughter and is therefore entitled to bring a cause of action for the wrongful death of Decedent pursuant to RSMo. 537.080.

25. Defendants Wal-Mart owed a duty of care to decedent James Johnson to warn and to make safe any dangerous conditions on their premises.

26. On June 10, 2023, Defendants Wal-Mart breached its duty of care when it negligently and intentionally concealed an obstruction with a rug on the premises, which created a dangerous condition on the premises.

27. With the facts described above, considered individually or in the aggregate, would inform a reasonable and prudent person that there was a substantial and unacceptable risk that decedent James Johnson would gravely injure himself or others by tripping and falling due to an obstruction on the floor. Similarly, it was reasonably foreseeable that this obstruction would cause injury or death to decedent James Johnson or others.

28. Defendants Wal-Mart's negligence directly and proximately caused the wrongful death of James Johnson.

29. As a direct and proximate result of Defendants Wal-Mart's negligence and the resulting death of James Johnson, plaintiff Marie Johnson is entitled to recover damages including, but not limited to, the pain and suffering to the Decedent prior to his death, medical expenses, pecuniary loss, funeral expenses, and the reasonable value of services, consortium, companionship, comfort, instruction, guidance, counsel, training and support of Decedent, against Defendants Wal-Mart.

WHEREFORE, plaintiff Marie Johnson prays for Judgment against Defendants Wal-Mart for such damages as are fair and reasonable, for pre and post judgment interest, for plaintiff Marie Johnson's costs, and for such further relief as the Court considers just and proper.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL.**

Respectfully submitted,

                                             **THE STACY LAKE LAW FIRM**

                                             /s/ Stacy A. Lake
Stacy A. Lake Mo Bar # 67785
PO Box 412713
Kansas City, Missouri 64141
(913) 602-0787
stacylake808@gmail.com
ATTORNEY FOR PLAINTIFF