IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MARIE JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 23-00928-CV-W-BP |
| WAL-MART STORES EAST 1, LP d/b/a WAL-MART SUPERSTORE, *et al.* | ) ) ) |
| Defendants. | ) ) |

### JUDGMENT & ORDER APPROVING WRONGFUL DEATH SETTLEMENT & DISTRIBUTION OF NET PROCEEDS

This case arises out of an incident at a Wal-Mart Store in Raymore, Missouri, where James Johnson, who was recovering from heart surgery, fell in the vestibule of the store ("the June 10, 2023 Incident"). This matter comes before the Court on the parties' Petition and Motion for Approval of Wrongful Death Settlement filed by Plaintiff Marie Johnson as a representative of the Class I heirs of James Johnson. (Doc. 94.) The Court held a video hearing on the matter via Zoom on June 26, 2025, where Plaintiff was present and provided testimony and input.

After reviewing the record, evaluating the credibility of the witness, and determining the weight to be accorded to the testimony, pursuant to Mo. Rev. Stat. § 537.095.2, the Court **FINDS** and **ORDERS** as follows:

1. Plaintiff Marie Johnson proceeds as child of James Johnson, thus being authorized under Mo. Rev. Stat. § 537.080 as a Class I beneficiary to prosecute a cause of action arising out of the death of James Johnson.

2. Other than Plaintiff Marie Johnson, the other individuals who qualify as a Class I beneficiary to decedent James Johnson pursuant to Mo. Rev. Stat. § 537.080 are:

    a. Kevin Johnson, son of James Johnson.

      b. Gina Gonzalez, daughter of James Johnson.

      c. Iman Wright, son of James Johnson.

The Court further finds these three individuals have been properly notified of this hearing to approve the wrongful death settlement and distribution of net proceeds.

    3. The Court approves the Settlement Agreement between Plaintiff and Defendants, attached as Exhibit A,[1] to the extent that it refers to the wrongful death claim.[2] Specifically, the Court approves the agreed upon settlement of $5,000.00 to be paid to Marie Johnson as a representative for all Class I beneficiaries of decedent James Johnson, in full and final resolution of any wrongful death claim for James Johnson arising out of the June 10, 2023 Incident. The Court orders the funds be placed in the trust account of Plaintiff's counsel.

    4. Plaintiff is and will be responsible for any liens against the proceeds of this settlement, whether now known or unknown.

    5. Per contractual agreement between Plaintiff and her counsel, 42% of the $5,000.00 (*i.e.*, $2,100.00) shall be paid to Stacy Lake in attorney fees. The remaining $2,900 shall be apportioned evenly among James Johnson's children: Marie Johnson, Kevin Johnson, Gina Gonzalez, and Iman Wright.

    6. Each party will bear their own costs of this action.

    7. The Court finds that the settlement is not an admission of liability on the part of Defendants but has been entered into by the parties in order to amicably resolve the disputes that exist between them and to avoid the costs associated with litigation. No effort is being made to

---

[1] Exhibit A, which has been previously submitted to the Court by e-mail, will be filed under seal.

[2] The Settlement Agreement settles all claims related to the June 10, 2023 Incident, including all claims set forth in the Amended Complaint. The Amended Complaint contains claims for both (1) wrongful death under Mo. Rev. Stat. § 537.080, *et seq.*, and (2) negligence. The Court is only required to approve the wrongful death settlement, *see* Mo. Rev. Stat. § 537.095, and, accordingly, does not address the total settlement amount or any other terms related to the negligence claim.

judicially determine any alleged fault among parties or third parties. The parties have agreed to waive a trial by jury and submit all issues in this case to the Court.

8. Plaintiff has approved and consented to the proposed settlement, and understands the proposed settlement is in full satisfaction of all claims for damages against Defendants as a result of the death of James Johnson, including any possible unknown or future developments or damages.

9. The Court, having independently examined and scrutinized the proposed settlement terms, hereby finds the wrongful death settlement is fair, just, equitable, and proper, pursuant to the considerations set forth in Mo. Rev. Stat. § 537.095, including the attorney fees and legal expenses, with respect to Plaintiff. *See also Macke v. Patton*, 591 S.W.3d 865, 870-71 (Mo. 2019).

10. The terms and conditions of the Settlement Agreement between Plaintiffs and Defendants are confidential and shall only be disclosed as permitted by the Agreement. The Settlement Agreement shall be filed under seal as Exhibit A.

The Court **ORDERS** Defendants to make payment of wrongful death settlement funds in the amount of $5,000 to Plaintiff. The Court **ORDERS** Plaintiff's counsel to then apportion the wrongful death settlement funds so that 42% (*i.e.*, $2,100.00) is set aside in attorney's fees and the remaining $2,900 is distributed evenly between Marie Johnson, Kevin Johnson, Gina Gonzalez, and Iman Wright. Once the total settlement funds have been distributed (including both the wrongful death settlement funds and the settlement funds related to the negligence claim), Plaintiff is **ORDERED** to promptly file a stipulation of dismissal.

**IT IS SO ORDERED.**

DATE: June 27, 2025

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT